IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3227-FL

| | |
|---|---|
| ANTHONY LEE MCNAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  ORDER |
| | ) |
| NORTH CAROLINA DEPARTMENT OF | ) |
| PUBLIC SAFETY, RICHMOND | ) |
| CORRECTION CENTER, CENTRAL | ) |
| PRISON, and HYDE CORRECTIONAL | ) |
| INSTITUTION, | ) |
| | ) |
| Defendants. | ) |

Plaintiff, a state inmate proceeding pro se, commenced this action by filing a complaint asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. The matter is before on plaintiff's motions to proceed without prepayment of fees (DE 2), to support for relief (DE 5), for injunctive relief (DE 10), to amend (DE 11), to support (DE 16), pursuant to 28 U.S.C. § 1331 (DE 22), and for release and compensation (DE 23). Plaintiff also filed a "response and motion to proceed" (DE 18) and "response in opposition to respondent or defendant's motion to dismiss and motion to proceed" (DE 19).

## BACKGROUND

On May 2, 2011, this court entered a prefiling injunction against plaintiff. McNair v. Tarboro Dist. Atty's Office, No. 5:11-CV-122-FL, 2011 WL 1743478 (E.D.N.C. May 2, 2011). The court sought to address "plaintiff's frivolous lawsuits . . . involv[ing] allegations that judges, prosecutors, defense attorneys, and police officers deprived him of his constitutional rights with respect to various prosecutions in state court." Id. at 3. The court ordered as follows:

> [T]he court hereby ENJOINS plaintiff from filing any lawsuit seeking damages for constitutional violations relating to state court convictions that have not been invalidated, or any lawsuit involving a constitutional challenge to ongoing or recently terminated state court criminal proceedings where the challenge instead could have been brought within those proceedings. Regardless of the subject matter of the lawsuit, plaintiff must attach a copy of this injunction to any complaint or motion for leave to proceed in forma pauperis filed in this judicial district.

Id.

On June 3, 2022, plaintiff filed the instant action in the United States District Court for the District of Columbia. On July 12, 2022, this action was transferred to the United States District Court for the Eastern District of North Carolina.

## COURT'S DISCUSSION

A. Motion to Support for Relief (DE 5), Motion to Amend (DE 11), Motion to Support (DE 16), "Response and Motion to Proceed" (DE 18), "Response in Opposition to Respondent or Defendant's Motion to Dismiss and Motion to Proceed" (DE 19), Motion for Release and Compensation (DE 23).

The court begins with plaintiff's motion to amend the complaint. The court also construes plaintiff's motion to support for relief, motion to support, "response and motion to proceed," "response in opposition to respondent or defendant's motion to dismiss and motion to proceed" and motion for release and compensation as motions to amend. The motions are granted as a matter of course. See Fed. R. Civ. P. 15(a)(1). Accordingly, for purposes of determining whether plaintiff has alleged imminent danger of serious physical injury in order to proceed without prepayment of fees, the court has considered fully plaintiff's original complaint and amended complaints (DE 5, 11, 16, 18, 19, 23).

B. Motion to Proceed Without Prepayment of Fees (DE 2)

The court next turns to plaintiff's motion to proceed without prepayment of fees. The Prison Litigation Reform Act ("PLRA") bars a prisoner from bringing a civil action in forma

pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This subsection is known as the "three-strikes" provision of the PLRA. See Tolbert v. Stevenson, 635 F.3d 646, 650 (4th Cir. 2011); Banks v. Hornak, 698 F. App'x 731, 734 & n.2 (4th Cir. 2017).

Plaintiff has incurred well over three strikes and has a prefiling injunction entered against him. See McNair, 2011 WL 1743478, at *1 n.1, *3 (collecting cases). The court thus turns to whether plaintiff's complaint alleges he is in "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g). The imminent danger exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." Newkirk v. Kiser, 812 F. App'x 159, 159–60 (4th Cir. 2020) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). The exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." Id. at 159. Vague, speculative, or conclusory allegations are insufficient to satisfy the imminent danger exception. Martin, 319 F.3d at 1050.

Plaintiff's conclusory allegations that he is in imminent danger of serious physical injury are devoid of factual support. (See Mot. to Supp. for Relief (DE 5) at 2; Mot. to Supp. (DE 16) at 1; Pl.'s Resp. (DE 18) at 1; Pl.'s Resp. in Opp'n (DE 19) at 1). Such allegations are insufficient to establish imminent danger of serious physical injury. See Martin, 319 F.3d at 1050. The motion to proceed without prepayment of fees is therefore denied. See 28 U.S.C. § 1915(g).

3

Case 5:22-ct-03227-FL    Document 26    Filed 02/28/23    Page 3 of 5

Plaintiff's remaining motions for injunctive relief and pursuant to 28 U.S.C. § 1331 are moot in light of the court's determination that plaintiff cannot proceed in forma pauperis. In the event plaintiff pays the filing fee on the schedule set forth below, he may request reinstatement of these motions.

C.  Filing Deficiency

Plaintiff's complaint is not on the forms prescribed by this court. In the event plaintiff pays the filing fee, he is directed to file one amended complaint. Plaintiff's amended complaint must be filed on the court's prescribed form for prisoner civil rights complaints, must clearly identify the appropriate defendants, and shall briefly describe how the defendants violated his rights under the standards set forth above. Plaintiff's amended complaint shall not assert claims that are unrelated to the allegations in the instant complaint. Finally, the amended complaint will be considered the complaint in its entirety and the court will not review plaintiff's prior filings to identify any misplaced claims. Failure to comply with this order, particularly the instructions set forth in this paragraph, will result in dismissal of this action for failure to prosecute.

Plaintiff is further reminded that a copy of this court's prefiling injunction against him must be attached to the amended complaint.

**CONCLUSION**

Based on the foregoing, plaintiff's motions to amend (DE 5, 11, 16, 18, 19, 23) are GRANTED. Plaintiff's motion to proceed without prepayment of fees (DE 2) is DENIED. This action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g). In the event plaintiff pays the filing fee within the next **30 days**, the court will reinstate this action as an active matter on its docket. Plaintiff may pay the filing fee by remitting payment to the Clerk, U.S. District

4

Case 5:22-ct-03227-FL    Document 26    Filed 02/28/23    Page 4 of 5

Court, P.O. Box 25670, Raleigh, NC 27611.

In the event plaintiff pays the filing fee, plaintiff is also DIRECTED to file one amended complaint, with the prefiling injunction attached, within **30 days** of entry of this order, following the instructions above. The clerk is DIRECTED to send plaintiff the prisoner civil rights package and a copy of the prefiling injunction. Plaintiff's amended complaint must be completed on the court's form.

Lastly, the clerk is DIRECTED to close this case and terminate as moot plaintiff's motions for injunctive relief (DE 10) and pursuant to 28 U.S.C. § 1331 (DE 22).

SO ORDERED, this the 28th day of February, 2023.

LOUISE W. FLANAGAN
United States District Judge